UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>                    Plaintiff,<br><br>          v.<br><br>MEYER IRREVOCABLE TRUST, et al.,<br><br>                    Defendants. | CASE NO. C14-1133JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY THE CASE AND STRIKING PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Before the court are Plaintiff DZ Bank AG Deutsche Zentral-

Genossenschaftsbank, Frankfurt AM Main, New York Branch's ("DZ Bank") combined

motion to amend its complaint and stay the case (Combined Mot. (Dkt. # 18)) and

Defendants Meyer Irrevocable Trust ("the Trust"), Insurance Choices 4 U, Inc. ("IC4U"),

ORDER- 1

1  and Insurance Choices For You, Inc.'s ("ICFY") motion for summary judgment (MSJ

2  (Dkt. # 17)).  Defendants have filed objections to DZ Bank's motion (Obj. (Dkt. # 22)),

3  and DZ Bank has filed a reply in support of its motion (Reply (Dkt. # 24)) and also a

4  response to Defendants' motion for summary judgment (Resp. (Dkt. # 19)).  The court

5  has reviewed the submissions of the parties, the balance of the record, and the applicable

6  law.  Being fully advised,[1] the court GRANTS DZ Bank's motion to stay and STRIKES

7  DZ Bank's motion to amend and Defendants' motion for summary judgment without

8  prejudice.

## II.   BACKGROUND

10         This case arises out of a debt owed to DZ Bank as well as subsequent transfers of

11  assets that DZ Bank alleges were fraudulent.  Most of the underlying facts are set forth in

12  this court's order in a related case, *see DZ Bank AG Deutsche Zentral-*

13  *Genossenschaftsbank, Frankfurt AM Main, New York Branch v. Louis Meyer (In re*

14  *Meyer)*, No. C14-0869JLR, Dkt. # 37 (W.D. Wash.), and are only summarized in part

15  here.

16         DZ Bank filed an adversary complaint in the bankruptcy proceedings of debtors

17  (and non-parties here) Louis Phillipus Meyer and Lynn Meyer ("the Meyers").  *See id.* at

18  6; (Obj. at 1.)  The Meyers had personally guaranteed a debt of over $1.7 million to DZ

19  Bank on behalf of Mr. Meyer's business, Choice Cash Advance, LLC[2] ("Choice"), which

_____

[1] The court deems oral argument to be unnecessary for its resolution of these motions.

[2] Defendants refer to this entity as "Choice Insurance."  (Obj. at 1.)

1   Choice had taken out in order to finance the purchase of several insurance franchises.

2   *See In re Meyer*, No. C14-0869JLR, Dkt. # 37 at 3.  Choice's assets were collateral for

3   the debt.  *See id.*  After Choice and the Meyers began experiencing difficulties, Mr.

4   Meyer initiated a series of transactions that transferred Choice's assets to Meyer

5   Insurance ("MI"), a company that he owned; then transferred MI's assets to Defendant

6   IC4U; then caused Defendant the Trust to purchase all the stock of IC4U; and finally

7   caused the Trust to sell IC4U to another entity.  *See id.* at 5.  In the adversary

8   proceedings, DZ Bank alleged that these transfers were fraudulent and that as a result a

9   portion of the Meyers' overall indebtedness was non-dischargeable under § 523(a)(2)(A)

10  of the Bankruptcy Code.  *See id.* at 6-7.

11          On May 9, 2014, the United States Bankruptcy Court for the Western District of

12  Washington entered a non-dischargeable judgment in favor of DZ Bank and against the

13  Meyers in the amount of $123,200.00, which was the value of the MI assets traceable to

14  DZ Bank's collateral.[3]  *See id.* at 7; (Combined Mot. at 2; Obj. at 4.)  DZ Bank appealed

15  to this court on June 13, 2014, arguing that the judgment should have been for

16  $385,000.00—the value of all the MI assets transferred to IC4U.  *See In re Meyer*, No.

17  C14-0869JLR, Dkt. # 1 at 96-98 (Notice of Appeal), Dkt. # 12 (Appellant's Brief).  The

18  legal basis of this argument is the Washington Uniform Fraudulent Transfers Act

19  ("WUFTA").  *See id.* Dkt. # 37 at 11-12.  The court denied DZ Bank's appeal and

20  _____

21          [3] The bankruptcy court ruled on summary judgment that DZ Bank knew of and consented
    to the transfer from Choice to MI and that such transfer therefore could not form the basis of a
22  fraudulent transfer claim.  *See In re Meyer*, No. C14-0869JLR, Dkt. # 37 at 4 n.2.  DZ Bank did
    not challenge that ruling in its appeal from the bankruptcy court's final judgment.  *See id.*

affirmed the bankruptcy court.  *See id.* at 19.  The court concluded that WUFTA requires

a plaintiff-creditor at a minimum to demonstrate some claim to the transferred assets

before a transfer can be deemed fraudulent under WUFTA.  *See id.* at 11-19.  Because MI

was not indebted to DZ Bank and because DZ Bank could trace its collateral to only

$123,200.00 of MI's assets, the court held that DZ Bank was entitled to a judgment of

only $123,200.00.  *See id.* at 18-19.  On January 27, 2015, DZ Bank appealed this court's

order to the Ninth Circuit.  *See id.* Dkt. # 39.

On July 25, 2014, after the bankruptcy court entered its final judgment, DZ

Bank filed the instant lawsuit asserting fraudulent transfer claims against Defendants for

their receipt of the assets transferred by the Meyers and MI.  (*See* Compl. (Dkt. # 1);

Combined Mot. at 4.)  DZ Bank's complaint in this case prays for judgment in the

amount of $123,200.00; fees, costs, and interest; recovery of the transferred property; and

"such further relief as the court deems just and proper under the circumstances."  (Compl.

¶¶ 28, 33, 38.)  After Defendants answered, the court issued a scheduling order which did

not set a deadline for filing amended pleadings.[4]  (Sched. Ord. (Dkt. # 16).)

On January 14, 2015, following this court's order in *In re Meyer*, the Meyers sent

DZ Bank a check for $123,290.00.  (*See* Stern Decl. (Dkt. # 17-1) ¶¶ 2-3 Exs. 1-2.)  DZ

Bank accepted the check and recorded a satisfaction of its judgment against the Meyers

on February 20, 2015.  (*Id.* ¶ 4 Ex. 3.)  The satisfaction is conditional, however, insofar

as it notes DZ Bank's pending appeal to the Ninth Circuit and provides that DZ Bank's

---

[4] This court recently received this case from Judge Ricardo S. Martinez on transfer as related to *In re Meyer*.  (*See* Order Reassigning Case (Dkt. # 26).)

1  acceptance of the amount of the "unsatisfactory judgment" does not satisfy its entire

2  claim.  (*Id.*)

3       On March 4, 2015, Defendants filed their motion for summary judgment.  (*See*

4  MSJ.)  Defendants' motion, which is two pages in length, seeks dismissal of DZ Bank's

5  claims on the basis that DZ Bank has received the entire sum sought in its complaint;

6  namely, $123,200.00.  (*See id.*)  Defendants argue that DZ Bank's acceptance of this

7  sum from the Meyers constitutes a release of Defendants, who are the Meyers' joint

8  tortfeasors according to DZ Bank's allegations.  (*See id.*)  On March 23, 2015, DZ Bank

9  filed both its response to Defendants' motion and its combined motion to amend its

10 complaint and stay the case.  (*See* Resp. at 1; Combined Mot. at 1.)

11      DZ Bank's combined motion asks the court to permit DZ Bank to amend its

12 complaint to seek damages in the amount of $385,000.00, and requests that the court stay

13 all proceedings in this case pending the outcome of DZ Bank's appeal in *In re Meyer*.

14 (Combined Mot. at 2.)  In support of its motion to amend, DZ Bank argues that it should

15 be permitted to pursue "all of its potential monetary damages against the Defendants,"

16 and that amendment will not prejudice Defendants.  (*Id.* at 5-6.)  Regarding its motion to

17 stay, DZ Bank contends that the outcome of its appeal in *In re Meyer* will significantly

18 impact this litigation.  (*See id.* at 2 ("If DZ Bank's appeal is successful, DZ Bank's

19 damages against the defendants herein will be established at $385,000.  If unsuccessful,

20 DZ Bank may have no claims against the defendants herein, as the amount of damages

21 originally sought by DZ Bank, $123,200, has been paid.").)  Accordingly, DZ Bank

22 concludes that it would not be economical for the court or the parties to continue

1   litigating this case while DZ Bank's appeal is pending.  (*Id.* at 2, 6.)  The parties' motions

2   are now before the court.

3                          **III.    DISCUSSION**

4          The court first turns to DZ Bank's request to stay this case pending the outcome of

5   its appeal before the Ninth Circuit in *In re Meyer*.  (Mot. at 2.)  A district court has the

6   discretionary power to stay its proceedings.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098,

7   1109 (9th Cir. 2005).  This power to stay is "incidental to the power inherent in every

8   court to control the disposition of the causes on its docket with economy of time and

9   effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254

10  (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir.

11  1983) (holding that the power to stay proceedings comes from the power of every court

12  to manage the cases on its docket and to ensure a fair and efficient adjudication of the

13  matter at hand).  When considering whether to stay a case, the court weighs a series of

14  competing interests:  (1) the possible damage that may result from the granting of the

15  stay; (2) the hardship or inequity which a party may suffer in being required to go

16  forward; and (3) the orderly course of justice measured in terms of the simplifying or

17  complicating of issues, proof, and questions of law which could be expected to result

18  from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299

19  U.S. at 254-55); *see also Lockyer*, 398 F.3d at 1110.

20         With respect to the first factor—possible damage if a stay is granted—Defendants

21  object to DZ Bank's requested stay but offer no discussion of how a stay might damage

22  them.  (*See* Obj. at 8-9.)  Rather Defendants simply assert that DZ Bank improperly seeks

1    to "keep Defendants on the hook for another year while it pursues a frivolous appeal."

2    (*Id.* at 9.)  Defendants fail to explain, however, what harm they might suffer from waiting

3    for the resolution DZ Bank's appeal.  Furthermore, delay alone cannot be a sufficient

4    reason not to stay a case, as every stay by its very nature causes delay.[5]  *Cf. Lockyer*, 398

5    F.3d at 1112 (noting that the objecting party was alleging ongoing harm for which it

6    sought injunctive relief and that delay might therefore damage the objecting party).

7         The court next considers the second factor:  whether DZ Bank might suffer

8    hardship or inequity by being required to go forward.  *See CMAX, Inc.*, 300 F.2d at 268.

9    DZ Bank argues that requiring it to go forward here could cause it to waste resources.

10   (*See* Mot. at 2, 6.)  This argument is premised on the idea that the Ninth Circuit's

11   decision may either significantly advance DZ Bank's position in this case or spell the end

12   of its claims against Defendants.  (*See id.* at 2.)  As discussed in more detail below under

13   the third factor, the court finds this argument persuasive and therefore concludes that this

14   factor favors granting a stay.

15        Finally, the court concludes that the third factor—whether a stay would further the

16   orderly course of justice—weighs in favor of a stay.  Without expressing an opinion on

17   the merits of this case, the court finds that there is a significant possibility that the Ninth

18   _____

19        [5] The court also notes that Defendants' characterization of DZ Bank's appeal as
     "frivolous" (Obj. at 9) and involving "matters addressed by long-standing law" (*id.* at 5 n.4) is

20   inaccurate.  As the court noted in its order affirming the bankruptcy court, the court was unable
     to find any authority interpreting WUFTA on the precise issue before the court.  *See In re Meyer*,

21   No. C14-0869JLR, Dkt. # 37 at 14.  Consequently, the court interpreted WUFTA with reference
     to Washington corporate law and federal case law construing analogous provisions in the

22   Bankruptcy Code.  *See id.* at 14-18.  Although the court stands by its analysis, it is hardly beyond
     the realm of possibility that the Ninth Circuit might disagree with the court's reasoning.

1   Circuit's decision in *In re Meyer* will simplify the issues, proof, and questions of law in

2   this case. *See CMAX, Inc.*, 300 F.2d at 268.  The transfers at issue in that case and this

3   one are nearly identical.  (*Compare* Compl.) *with In re Meyer*, No. C14-0869JLR, Dkt.

4   # 37.  If the Ninth Circuit determines that the transfers in that case were fraudulent as to

5   DZ Bank in the amount of $385,000.00, the contested issues in this case may be reduced.

6   If on the other hand the Ninth Circuit rejects DZ Bank's appeal, this case may end, as DZ

7   Bank's damages would likely be established at only $123,200.00, an amount which DZ

8   Bank concedes it has already received from the Meyers.  (*See* Mot. at 2.)  In either

9   scenario a stay pending the Ninth Circuit's ruling would further the orderly course of

10  justice and could provide a substantial economy in judicial and party resources.  *See*

11  *CMAX, Inc.*, 300 F.2d at 268.[6]

12       In sum, the court finds that the relevant factors favor staying this case until the

13  Ninth Circuit issues a decision on DZ Bank's pending appeal in *In re Meyer*.  *See CMAX,*

14

---

15       [6] Defendants suggest that res judicata would bar DZ Bank's claims against them even if
16  DZ Bank prevails on its appeal before the Ninth Circuit.  (*See* Obj. at 10-12.)  Defendants'
    discussion of res judicata is confused and abortive, however, and neglects to develop arguments
17  and offer evidence without which the court cannot render a decision on this issue.  For example,
    Defendants assert but offer no evidence that DZ Bank knew during the bankruptcy proceedings
18  about the alleged transfers involving ICFY.  (*See id.* at 11 n.7.)  DZ Bank contradicts that
    assertion in its complaint (*see* Compl. ¶ 23), and the court will not simply resolve the conflict in
19  Defendants' favor without any supporting evidence before it.  Defendants also fail to discuss any
    of the criteria that inform the identity-of-claims analysis and offer only general principles
20  regarding the privity inquiry.  (*See* Obj. at 10-11); *see also, e.g., Harris v. Cnty. of Orange*, 682
    F.3d 1126, 1132 (9th Cir. 2012) (discussing the elements of res judicata—identity of claims,
21  final judgment on the merits, and identity of or privity between parties—as well as the four
    criteria that courts use to determine identity of claims); *Headwaters Inc. v. U.S. Forest Serv.*, 399
22  F.3d 1047, 1053-54 (9th Cir. 2005) (discussing the privity requirement); *Zweizig v. Rote*, No.
    3:14-cv-00406-ST, 2014 WL 7229202, at *5-7 (D. Or. Dec. 16, 2014).  Accordingly, the court
    declines to render a decision on the issue of res judicata at this time.

ORDER- 8

1    *Inc.*, 300 F.2d at 268.  Furthermore, having decided that a stay is appropriate, the court

2    concludes that it would not be a proper use of judicial resources to rule on DZ Bank's

3    motion to amend or Defendants' motion for summary judgment at this time.  The court

4    therefore strikes DZ Bank's motion to amend and Defendants' motion for summary

5    judgment but without prejudice to re-raising the issues and arguments contained therein

6    after the court lifts the stay.

7                       **IV.   CONCLUSION**

8          For the foregoing reasons, the court GRANTS in part DZ Bank's combined

9    motion (Dkt. # 18).  Specifically, the court GRANTS DZ Bank's motion to stay and

10    SUSPENDS all current case schedule deadlines pending a decision by the Ninth Circuit

11    on DZ Bank's appeal in *In re Meyer*.  In addition, the court STRIKES DZ Bank's motion

12    to amend and Defendants' motion for summary judgment (Dkt. # 17) without prejudice to

13    re-raising the issues and arguments contained therein after the court lifts the stay.

14    Finally, the court ORDERS the parties to submit a joint status report within 14 days of

15    the date on which the Ninth Circuit issues its decision (not mandate) in *In re Meyer* or the

16    case is otherwise resolved.

17          Dated this 9th day of June, 2015.

18

19

20                                _____

21                                JAMES L. ROBART
                                United States District Judge

22